# Case No. 2,674.

## CHILD v. BOSTON & F. IRON WORKS.

### Circuit Court, D. Massachusetts. 1877.

#### PATENTS FOR INVENTIONS—INFRINGEMENT—ACCOUNTING—PROFITS.

[On accounting for infringement of a patented invention used in connection with printing presses, it appeared that defendant credited other parts of his manufactory with materials supplied from them, so as to allow them profits as independent establishments. *Held*, that such credit was erroneous, and that defendant should account for the entire profits realized.]

[Cited in Star Salt Caster Co. v. Crossman, Case No. 13,320.]

[In equity. Bill by Cyril C. Child against the Boston & Fairhaven Iron Works for infringement of letters patent No. 98,087, granted to C. Montague, December 21, 1869. There was a decree for libelant, and an accounting ordered to John G. Stetson, as master. See Case No. 2,675.]

Benjamin F. Thurston and Edward P. Brown, for complainant.

Thomas M. Stetson, for defendant.

BY THE MASTER. I now come to a consideration of the account filed by defendants in connection with the complainant's charge and defendants' discharge. The privilege is always accorded a defendant, in an accounting before me, to file an account of his profits; and, unless the complainant shows some error in the principles upon which this account is constructed, or in its details, I adopt it in my report. The defendants in this case filed an account, and, although they accompanied it with a statement that it was not an account of their profits from their infringement of complainant's patented improvement,—the extensible lever,—but an account of their entire profits from their printing press business, when I decided that they should account for such entire profits, this account became the basis for all subsequent proceedings before me. The first, second, third, fourth, fifth, and sixth specifications of the complainant's amended charge attack this account by alleging that certain classes of items are entered in the account at a higher price than the actual cost of these items to the defendants. The corresponding specifications of the defendants' amended discharge admit the correctness of the classification of the items referred to in the charge, and that the amounts thereof are correctly stated in pounds and hours, but deny that the prices charged are greater or other than the actual cost. This issue brings me to a consideration of the principle upon which this account is constructed. It appeared in evidence that the defendants carried on, during the period covered by the accounting, three distinct branches of business,—one, a foundry; another, a machine shop; and the third, the manufacture and sale of printing presses and paper cutters. In making up the press and cutter accounts, the foundry and machine shop were credited with whatever they furnished, at prices to allow them the profits to which it was considered they were entitled as independent establishments. In the printing press account, therefore, the castings which came from the foundry were entered at their estimated cost, but it is a cost based upon a credited purchase from the foundry upon such terms as to give the latter the profit which it would reasonably be presumed to have made; and labor and refined iron, which were furnished by the machine shop, are entered upon the same principle, so as to give the machine shop its reasonable profit. The machine shop and foundry, however, are but other names for the defendants, and the profits which they have made from the press business are profits which the defendants have made, and must be accounted for as other profits from the same business.

[NOTE. For decision of an action at law for the same infringement, in favor of defendant, see Child v. Boston & F. Iron Works. 19 Fed. 258; and, for a decision disallowing proof of the judgment herein as a claim against the defendant in bankruptcy, see In re Boston & F. Iron Works. 23 Fed. 880.]